UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD ALLEN SPARKS, JR.,

    Plaintiff,

v.

Case No. 2:13-cv-19
HON. GORDON J. QUIST

UNKNOWN C/O BROMMENSCHENKLE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Sir Richard Allen Sparks, Jr., an inmate at the Baraga Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendant unknown corrections officer Brommenschenkle. Plaintiff claims that Defendant Brommenschenkle is no longer employed with the MDOC. Defendant Brommenschenkle is currently representing himself in this matter.

Plaintiff alleges in his complaint that on April 30, 2012, while he was in the shower, defendant Brommenschenkle threw bars of soap at him striking him in his left testicle. Plaintiff claims that this was a violation of his Eighth Amendment rights, sexual harassment and was degrading. Plaintiff claims that health care refused to provide him with any medical treatment on the date of the incident. Plaintiff claims that he experienced a great amount of pain. Plaintiff has attached to his complaint a Nurse Protocol which indicates that he was examined on May 1, 2012, after he claimed he was assaulted and in pain. The examination found "no bruising, edema, or

discoloration" and no "current pain reported."  Plaintiff requests declaratory relief, one million dollars in compensatory damages, and one million dollars in punitive damages.

Defendant Jason Brommenschenkle filed "Defendant's Answer, Affirmative Defenses, Motion to Dismiss and Request For Extension of Time For Representation" (Docket #8). Defendant Brommenschenkle asserts that he did not permanently resign as a corrections officer, but lacks information necessary to respond to the allegations in plaintiff's complaint. Defendant lists a number of affirmative defenses such as lack of subject matter jurisdiction, lack of standing, the claims are not ripe, the complaint fails to state a claim, lack of personal jurisdiction as waiver of service was not valid, ineffective service of process, lack of capacity to pursue breach of contract claims, failure to join all necessary parties, failure to indicate actual damages, contributory negligence, defendant acted in good faith, and defendant is not individually liable. Most, if not all, of these alleged affirmative defenses are invalid and not supported in the asserted motion.

Defendant has inserted a paragraph in his responding document entitled "Defendant's Motion to Dismiss." Defendant argues that based upon "the totality of the complaint in conjunction with affirmative defenses" the complaint should be dismissed for failure to state a claim.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A judge may not dismiss

the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355 U.S. at 47). The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer*, 355 U.S. at 638. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Delorean*, 991 F.2d at 1240. "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *See Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981); *Trop v. Dulles*, 356 U.S. 86, 101 (1958). The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346. Among unnecessary and wanton infliction of pain are those that are "totally without penological justification." *Id.*

Plaintiff's claim of excessive force must be analyzed under the Supreme Court authority limiting the use of force against prisoners. This analysis must be made in the context of the constant admonitions by the Supreme Court regarding the deference that courts must accord to prison or jail officials as they attempt to maintain order and discipline within dangerous institutional settings. *See, e.g.*, *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986).

Generally, restrictions and even harsh conditions of confinement are not necessarily cruel and unusual punishment prohibited by the Eighth Amendment. *Rhodes*, 452 U.S. 347. The Supreme Court has held that "whenever guards use force to keep order," the standards enunciated in *Whitley*, 475 U.S. 312, should be applied. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *see also Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178-79 (2010). Under *Whitley*, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7; *Wilkins*, 130 S. Ct. at 1178. In determining whether the use of force is wanton and unnecessary, the court should evaluate the need for application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 6-7 (citing *Whitley*, 475 U.S. at 321); *accord Griffin v. Hardrick*, 604 F.3d 949, 953-54 (6th Cir. 2010); *McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990).

In the opinion of the undersigned, while this is close question, and it appears at this point that plaintiff has to overcome a significant hurdle to show that this isolated incident rose to the level of an Eighth Amendment violation, there appears to be material questions of fact that could push the incident within the protections of the Eighth Amendment. Plaintiff's allegations barely satisfy the requirement of asserting an Eighth Amendment claim. The questions that currently exist are whether the incident actually happened and whether the incident was a simple assault or one that rose to a more "sadistic" and unnecessary use of force that can support an Eighth Amendment claim. In the opinion of the undersigned, defendant's motion to dismiss should be denied.

Defendant also asks for an extension of time to obtain an attorney. There is no current deadline for defendant to seek representation in this case, so no extension of time is necessary. Defendant can obtain representation at any time during the litigation of this case.

Accordingly, it is recommended that Defendant's Motion to Dismiss and Request For Extension of Time For Representation (docket #8) be DENIED.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated: January 15, 2014